UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TFS ENERGY, LLC,                          :
                                          :
    Plaintiff,                            :
                                          :
V.                                        :    CASE NO. 3:06-CV-191 (RNC)
                                          :
ANTHONY CAMPISI,                          :
                                          :
    Defendant.                            :

## RULING AND ORDER

Plaintiff, a Delaware company with a place of business in Stamford, brings this diversity case against its former employee, Anthony Campisi, a citizen of New Jersey, seeking damages for breach of an employment agreement ("Agreement") and related promissory note ("Note"), breach of fiduciary duty and intentional misrepresentation. Defendant has filed a counterclaim alleging breach of the Agreement and Note by plaintiff, defamation, and unjust enrichment. Defendant has also moved to transfer the case to the Southern District of New York based on a forum selection clause in the Note and on the ground that the Southern District would be a more convenient forum for the parties and witnesses. Plaintiff opposes the transfer based on a choice of law and forum selection clause in the Agreement and on the ground that it would be more convenient to litigate the case in this forum, where the pertinent events occurred, than the Southern District, which has no connection to the litigation. I agree with the defendant and therefore deny the motion to transfer.

Background

In April 2005, the parties executed the Agreement at plaintiff's office in Stamford. The Agreement contains a paragraph entitled "Governing Law and Venue," which provides that the Agreement is governed by Connecticut law and any action arising out the Agreement must be brought in Connecticut. The parties simultaneously executed the Note providing for a loan from plaintiff to defendant, which defendant would have to repay in the event his employment was terminated for cause. The Note also has a forum selection clause. However, it designates New York courts as the preferred forum for litigation. Plaintiff terminated defendant, allegedly for cause, in September 2005. Plaintiff alleges that defendant's conduct during his employment breached the Agreement, and that he has failed to repay the loan in accordance with the terms of the Note. Defendant alleges that plaintiff wrongfully terminated his employment and has made defamatory comments about him to potential employers.

Discussion

Under 28 U.S.C. § 1404(a), a case may be transferred to another district where the action could have been brought for "the convenience of parties and witnesses" and "in the interest of justice." A forum selection clause, although significant, is not dispositive. See Stewart Org., Inc. v. Ricoh, 487 U.S. 22, 31 (1988). Rather, the § 1404(a) determination requires consideration

of (1) the weight to be accorded plaintiff's choice of forum; (2) the locus of operative facts; (3) the convenience of the witnesses; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the convenience of the parties; (6) the relative means of the parties; (7) the location of relevant documents and ease of access to sources of proof; (8) the court's familiarity with governing law; and (9) trial efficiency and the interest of justice. See <u>Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.</u>,, 294 F. Supp. 2d 218, 219-20 (D. Conn. 2003).

A plaintiff's choice of forum "is generally entitled to substantial consideration." <u>See</u> <u>id.</u> at 219. Defendant argues that plaintiff's choice of forum is entitled to less weight in this case because the forum selection clauses in the Agreement and the Note are ambiguous when read together, and any ambiguity should be construed against the plaintiff, which drafted the documents, particularly because he was able to negotiate the terms of the Note but not the terms of the Agreement. Plaintiff disputes defendant's factual allegations and contends that the choice of law and forum selection clause in the Agreement should be given primacy because the main issues presented by the case involve the Agreement, which is governed by Connecticut law and has no connection to the Southern District. I agree and conclude that the plaintiff's choice of forum, which gives effect to the choice of law and forum selection clause of the Agreement, is entitled to significant

3

weight in the § 1404(a) analysis.

The other factors enumerated above do not offset the weight plaintiff's choice of forum is entitled to receive. The locus of operative facts is in Stamford, where the defendant worked and all (or most) of the witnesses also work. The availability of process is not an issue. The convenience of the parties does not cut one way or the other (Connecticut is more convenient for the plaintiff; New York is more convenient for the defendant). Defendant does not contend that his litigation expenses would be significantly less if the case were transferred. It is undisputed that most of the relevant documents are in Connecticut. The court's familiarity with governing law weighs against transfer because the main claims in the case are governed by Connecticut law. And defendant has not alleged or shown that a transfer is necessary in the interest of justice.

Conclusion

Accordingly, defendant's motion for transfer of venue [doc. #18] is hereby denied.

So ordered this 25th day of February 2007.[1]

/s/
Robert N. Chatigny
United States District Judge

---

[1] The court notes that under the existing scheduling order, all discovery is due to be completed by April 30, 2007.

4